**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID WARREN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7054-EEF-SS** |
| **THE HANOVER INSURANCE COMPANY** | |

**ORDER**

PLAINTIFF'S MOTION TO REOPEN CASE (Rec. doc. 54)

**GRANTED IN PART AND DENIED IN PART**

On December 14, 2009, a telephone conference was conducted. By December 17, 2009, the defendant, The Hanover Insurance Company ("Hanover"), was ordered to produce to counsel for plaintiff, David Warren ("Warren"), and plaintiff's contractor, a copy of his estimate of the damage to the property. Rec. doc. 45.

Warren reports that Hanover did not comply with this order. Rec. doc. 49. Hanover responds that: (a) on or about December 14, 2009, its contractor, Rich Mithum ("Mithum"), spoke to Warren's contractor, Robert Llopis ("Llopis"), who agreed to meet and review the estimates on December 17, 2009; and (b) Llopis failed to meet.

Hanover did not comply with the December 14, 2009 order. By December 17, 2009, Hanover was ordered to produce to counsel for Warren and plaintiff's contractor a copy of Mithum's

estimate of the damage to the property.[1] This was not done. Even if Warren's contractor failed to attend a December 17, 2009 meeting, Hanover does not explain why it did not discharge its obligations under the order. Hanover's failure to comply with the first requirement of the December 14, 2009 order appears to have contributed to the parties' failure to comply with the remaining provisions of the order.

The December 14, 2009 order also provided that by December 29, 2009, the contractors for the two parties were to meet and confer to see if they could resolve their differences regarding their estimates. If they could not resolve their differences, then both contractors were to discuss appointment of an umpire. Warren does not demonstrate any attempt by Llopis to meet with Mithum prior to December 29, 2009.

If the contractors could not agree on the appointment of an umpire, then by January 6, 2009, the parties were to submit a motion for the appointment of an umpire. The motion was to include the language from the policy relating to the resolution of any dispute by an umpire and the payment of costs for the umpire process. The parties have not submitted such a motion.

Hanover insists that since Mithum's estimate is not within twenty percent of Llopis' estimate, an umpire must be appointed. Rec. doc. 54.[2]

---

[1] Warren reports that Llopis submitted an estimate for $186,000. Rec. doc. 49. On December 29, 2009, Mithum sent a two paragraph note to counsel for Hanover reporting that: (a) it was his opinion that the cost of repairs to Warren's house would be $85,000; and (b) if he could meet with Llopis to obtain a more accurate scope, the estimates could come much closer together. Rec. doc. 54 (Exhibit 3). Other than this note Hanover has not submitted an estimate by Mithum.

[2] Hanover's statement is not clear. It is assumed that it is contending that the difference between the two estimates must be within twenty percent of the higher estimate. Plainly Mithum's estimate is more than twenty percent of Llopis' estimate. This could have been resolved quite easily, if Hanover had furnished the pertinent portion of the policy.

Warren contends that Hanover is in bad faith and he is entitled to an award of twice the estimate by Llopis. Rec. doc. 49. Hanover requests that Warren's motion be denied and that the parties be allowed to continue the appraisal proceeding and an appointment of an umpire to resolve the matter. Hanover does not explain how this will be accomplished when it could not comply with the plain terms of the December 14, 2009 order.

The parties shall proceed as described below. If **either** party fails to comply fully with the provisions of this order, sanctions will be imposed. If Warren fails to comply, the sanctions may include a recommendation that the case be dismissed with prejudice. If Hanover fails to comply, the sanctions may include a recommendation that its answer be struck and a judgment be entered against it.

1. By **Friday, January 22, 2009**, Warren shall submit to the court and serve Hanover's counsel with a complete copy of Llopis' estimate and identify three acceptable umpires (name, address, and qualifications).

2. By **Friday, January 22, 2009**, Hanover shall submit to the court and serve Warren's counsel with a complete copy of Mithum's estimate and identify three acceptable umpires (name, address, and qualifications).

3. By **Friday, January 22, 2009**, Hanover shall submit to the court and serve Warren's counsel with the full language of the policy relating to resolution of any dispute by umpires and payment of costs for the umpire process.

4. By **Friday, January 22, 2009**, Hanover shall deliver to counsel for Warren a check for $500.00 payable to Warren and his counsel as a sanction for its failure to comply with the

December 14, 2009 order.

After receipt of this information, a further order will be issued.

IT IS ORDERED that Warren's motion to reopen case to enforce settlement agreement, request for penalties, sanctions, attorney's fees, costs and judicial interest (Rec. doc. 49) is GRANTED in PART and DENIED in PART.

New Orleans, Louisiana, this 13th day of January, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**