# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WARREN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-7054** |
| **THE HANOVER INSURANCE COMPANY** | **SECTION "L" (1)** |

## ORDER & REASONS

Currently pending before this Court is Plaintiff David Warren's Motion to Appeal and Review Magistrate Judge's Order (Rec. Doc. 78). Defendant Hanover Insurance Company ("Hanover") has filed an opposition memorandum, and Plaintiff has replied. (Rec. Doc. 79, 80). The Court has studied the history of this case, the briefs and the applicable law. The Magistrate Judge's Order is correct and this motion is DENIED.

## I. Factual and Procedural Background

This case arises out of a Hurricane Katrina property damage claim. Plaintiff David Warren and Defendant Hanover Insurance Company ("Hanover") do not dispute that they reached an oral settlement of the claim at a settlement conference with Magistrate Shushan on September 23, 2009. The parties do not dispute that they agreed each to select a contractor who would inspect the property and submit a written estimate of repair costs. If the estimates were more than twenty percent apart, the parties agreed they would submit the decision to an umpire. The parties evidently never reduced the settlement to writing or recited it in open court, as required under Louisiana law. La. Civ. Code. art. 3072.

The parties were unable to reconcile their contractors' estimates and sought the assistance of Magistrate Judge Shushan, who presided over the settlement conference at which the parties reached their agreement and was familiar with the terms of that agreement.

Magistrate Shushan ordered the appointment of an umpire to resolve the dispute, pursuant to the parties' "agree[ment] to resolve their dispute through the procedures provided in the [insurance] policy." (Rec. Doc. 62 at 2). The parties were each to bear the fees and costs incurred by their respective contractors, as well as one half of the umpire's fee. Each of the contractors submitted their estimates to the umpire. The umpire submitted a report that concurred with the amount estimated by Hanover's contractor.

After the adverse umpire determination, Plaintiff filed a motion to reopen the case. Plaintiff does not attack or otherwise seek to escape the underlying settlement agreement; rather, Plaintiff contends that the umpire process did not comport with specific purported terms of the oral settlement agreement. Plaintiff contends that the oral settlement agreement required each party's contractors to have had valid commercial and residential licenses for the past ten years. Further, Plaintiff contends that the oral settlement agreement required Hanover to pay both contractors and the umpire. Plaintiff argues that Hanover's contractor was not qualified and that Plaintiff was incorrectly charged with its contractor's fees and one half of the umpire's fees. Plaintiff also complains that Hanover improperly provided information to the umpire. Therefore, Plaintiff requested that Hanover's contractor's estimate be disqualified and judgment be entered in the amount of his contractor's estimate. In connection with his motion to reopen, Plaintiff requested that the Magistrate transcribe an audio recording of the settlement conference.

Magistrate Shushan denied the motion to reopen. The Magistrate held that the objections to the division of the costs of the umpire process and the contractor's qualifications were not timely. Further, the Magistrate found Plaintiff's objection to the information provided to the umpire to be without merit. On April 28, 2010, Plaintiff filed the instant appeal for review of the order of the Magistrate Court, raising the same arguments dismissed by Magistrate Shushan.

**III. Law & Analysis**

Under Federal Rule of Civil Procedure Rule 72(a), a party may serve and file objections to a magistrate judge's orders regarding nondispositive pretrial matters if the objection is filed within ten (10) days after service of the order. Federal law affords a magistrate judge broad discretion in the resolution of nondispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Comeau v. Rupp*, 142 F.R.D. 683, 684 (D. Kan. 1992). Thus, a district court reverses a magistrate judge's ruling on nondispositive pretrial matters only where the court finds such a ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *See also In re Combustion, Inc.*, 161 F.R.D. 54, 55 (W.D. La. 1995). A motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Schrag v. Dinges*, 144 F.R.D. 121, 123 (D. Kan. 1992). A party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163, 115 S. Ct. 1128, 130 L. Ed.2d 1091 (1995). Therefore, Plaintiff must overcome a high hurdle.

In this appeal, Plaintiff argues that the Magistrate Court erred in denying his motion to reopen the case for three reasons: 1) Hanover had agreed to pay the costs of the umpire process; 2) Hanover's contractor was not qualified; and 3) Hanover improperly furnished information to the umpire. The Court finds that Magistrate Shushan's Order was correct and the Plaintiff's objections are without merit.

First, Plaintiff argues that the oral settlement agreement required Hanover to pay the fees and costs for both parties' contractors and the umpire. As noted, Plaintiff has not presented any

written settlement agreement to the Court, nor has he presented any evidence that he attempted to reduce the settlement to writing. Magistrate Shushan was familiar with the oral settlement agreement the parties reached. Moreover, Magistrate Shushan consistently stated that Plaintiff would pay his contractor and one half of the umpire's fees. Plaintiff sent a letter to the court on January 22, 2010 asking the court to order Hanover to pay the fee of his umpire. However, on February 3, 2010 the Judge issued an order confirming that Plaintiff would bear his costs:

> I have reviewed the proposed umpires and select Barbara enterprises, Inc., to be the umpire. Hanover shall pay the fees and expenses incurred by the umpire. One half of these fees and expenses shall be deducted from the amount due Warren. Hanover shall notify Ms. O'Meallie of Barbara Enterprises, Inc. of her selection as umpire and make the necessary arrangements for payment of her fees and expenses. Hanover shall provide him with a copy of this order.

(Rec. Doc. 62). The Order also stated that each of the parties would be responsible for the cost of their own contractor. Plaintiff had ample notice of the division of costs but did not object until after the umpire process ended in an unfavorable result. By waiting, Plaintiff waived this objection. The Magistrate Judge did not err in her determination.

Second, Plaintiff urges that the contractor chosen by Hanover should be disqualified because the oral settlement agreement required that the contractors hold valid residential licenses. Assuming that this was a term of the settlement agreement, from the moment Hanover chose their contractor the Plaintiff could have checked his credentials. Plaintiff did not verify Hanover's contractor's qualifications and did not raise any such objection until after the umpire issued her unfavorable report. Plaintiff had ample time to raise such an objection, especially in light of his prior suspicions that Hanover's contractor lacked a residential license. This Court does not find any manifest error in the Magistrate's ruling.

Third, Plaintiff argues that Hanover should not have furnished certain information to the umpire. The Magistrate's February 3, 2010 order clearly states that the contractors were to

submit their estimates along with any supporting documentation to the umpire. Anything used by Hanover's contractor was required to be submitted to the umpire. The information provided to the umpire was information that Hanover's contractor relied upon in preparation of his report. The umpire was entitled to such information. Magistrate Shushan held that both the contractor and Hanover were required to provide the information, and she did not err in interpreting her own Order. For this reason, Plaintiff's objection is without merit.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Review and Appeal the Magistrate Judge's Order is DENIED.

New Orleans, Louisiana, this 11th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE